# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY OWENS,<br><br>               Plaintiff,<br><br>    v.<br><br>FRESNO POLICE DEPARTMENT, *et al.*,<br><br>               Defendants. | Case No. 1:18-cv-00153-LJO-EPG<br><br>**ORDER FOR PLAINTIFF TO:**<br><br>**(1) FILE A SECOND AMENDED COMPLAINT;**<br><br>**OR**<br><br>**(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS FIRST AMENDED COMPLAINT, SUBJECT TO FINDINGS AND RECOMMENDATIONS TO THE DISTRICT JUDGE CONSISTENT WITH THIS ORDER**<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Jerry Owens ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, commenced this civil rights action pursuant to 42 U.S.C. § 1983 by the filing of a Complaint on January 29, 2018. (ECF No. 1). On February 23, 2018, Plaintiff filed a First Amended Complaint ("FAC"), alleging that the Fresno Police Department, Community Regional Medical Center, and the Fresno County District Attorney violated his constitutional rights by taking his blood, offering false testimony in open court, and presenting misleading information to a judge. (ECF No. 4). Plaintiff also alleges his attorney, Wagner & Jones Law Office, breached his trust by failing to advise him that his constitutional rights had been violated. *Id.*

This Court has screened the FAC, and has concluded that it fails to state any cognizable

1

claim under section 1983. Specifically, Plaintiff's claims are barred by the *Younger* abstention doctrine and the favorable termination rule, and the allegations fail to show that the named defendants are liable under section 1983. The Court will provide Plaintiff leave to file an amended complaint within thirty days, if he believes that additional facts will establish a claim under the applicable legal standards. Plaintiff also has the option of standing on the FAC, in which case this Court will issue findings and recommendations to the assigned district judge, recommending that the case be dismissed for the reasons described in this order.

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners or detainees seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner or detainee has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678 (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Id.* The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff appears to be a pretrial detainee[1] currently detained at Fresno County Jail. Plaintiff contends that he has been deprived of life, liberty, and property without due process of law, and that his property has been taken for public use without just compensation.

Plaintiff alleges that an officer from the Fresno Police Department ("FPD") took his blood without performing a thorough investigation. Plaintiff also alleges that in open court on January 25, 2018, an officer contradicted information disclosed in discovery by testifying that a Community Regional Medical Center ("CRMC") staff member is a man who can be identified by personal information, as opposed to a woman who cannot be identified.

The officer was coached by the Fresno County District Attorney (the "District Attorney") in his entire testimony, which will not match any hospital records or police investigation. The District Attorney presented misleading information to the judge by having the officer testify that the officer's actions in his investigation were appropriate. The judge detained Plaintiff and set an excessive bail based on this information.

Plaintiff further alleges that CRMC staff took his blood and submitted statements to the FPD that are inconsistent with discovery filed with the court. On January 24, 2018, "someone other than an unidentified female in the discovery gave statements over a phone conversation to the [FPD,] identifying themselves as a man."

Plaintiff also alleges that his attorney breached his trust by failing to inform him that his rights had been violated and by advising him to take a plea on all charges.

## III. DISCUSSION

### A. *YOUNGER* ABSTENTION

Federal courts "may not interfere with pending state criminal or civil proceedings." *Aiona v. Judiciary of State of Haw.*, 17 F.3d 1244, 1248 (9th Cir. 1994). This doctrine, called "Younger abstention," is rooted in the "desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971) ("[T]he underlying reason for restraining courts of equity from interfering with criminal prosecutions is reinforced

---

[1] If Plaintiff is not a pretrial detainee, he should so state in any amended complaint.

by an even more vital consideration, the notion of 'comity,' that is, a proper respect for state functions . . . ."). "Abstention is appropriate in favor of state proceedings if (1) the state proceedings are ongoing, (2) the proceedings implicate important state interests, and (3) the state proceedings provide the plaintiff an adequate opportunity to litigate federal constitutional questions." *Aiona*, 17 F.3d at 1248 ("If these three circumstances exist, then 'a district court must dismiss the federal action . . . [and] there is no discretion to grant injunctive relief'").

Here, it appears that judicial proceedings were ongoing when Plaintiff filed the instant action. Plaintiff describes his arraignment, including the setting of a bail amount, and his pretrial detention. Thus, the first requirement has been met. *Id.* at 1249 (finding that state "judicial proceedings were ongoing at the time the plaintiffs filed this section 1983 action" where a state court was adjudicating plaintiffs' pending traffic citations); *Wiener v. Cnty. of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994) ("[T]he critical question is not whether the state proceedings are still 'ongoing' but whether 'the state proceedings were underway before initiation of the federal proceedings"). Furthermore, the state proceedings implicate important state interests in conducting criminal matters unimpeded. *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief"); *Mackey v. Montrym*, 443 U.S. 1, 17 (1979) (finding that a state has a "paramount interest . . . in preserving the safety of its public highways"); *Aiona*, 17 F.3d at 1249 ("[T]he state has an important state interest in keeping drunk drivers off the road"). Lastly, Plaintiff has an adequate opportunity to raise his federal claims in the state proceedings. "*Younger* requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." *Commc'ns Telesys. Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999); *see also Juidice v. Vail*, 430 U.S. 327, 337 (1977) ("Appellees need be accorded only an opportunity to fairly pursue their constitutional claims in the ongoing state proceedings, and their failure to avail themselves of such opportunities does not mean that the state procedures were inadequate"). No such procedural bars are alleged in the FAC. The third prong of the *Younger* test is thus met. Because the FAC asks the Court to intrude upon the

4

ordinary course of state criminal proceedings in a way that would threaten the autonomy of the state court, it must be barred from proceeding. *Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004) ("When an injunction is sought and *Younger* applies, it makes sense to abstain, that is, to refrain from exercising jurisdiction, *permanently* by dismissing the federal action because the federal court is only being asked to stop the state proceeding").

The issues posed by Plaintiff's complaint are being addressed in his ongoing state case and should be raised there. This Court is not in a position to intrude on that case while in progress. To the extent that case reaches a resolution against Plaintiff, Plaintiff should appeal that resolution in state court, through the appeals process. If it reaches a resolution in favor of Plaintiff, Plaintiff may have a claim in federal court at that time. This is described more below.

### B. FAVORABLE TERMINATION RULE

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. The favorable-termination rule laid out in *Heck* preserves the rule that claims which, if successful, would necessarily imply the invalidity of a conviction or sentence, must be brought by way of a petition for writ of habeas corpus, after exhausting appropriate avenues for relief. *Muhammad v. Close*, 540 U.S. 749, 750-751 (2004).

"The applicability of the favorable termination rule turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003). In *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996), the court held that, "if a criminal conviction arising out of the same facts and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." But if the "action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Heck*, 512 U.S. at 487.

It is unclear from the allegations in the FAC whether Plaintiff has been convicted of an

5

offense. It is clear, however, that Plaintiff seeks to challenge the validity of his current confinement. To the extent that Plaintiff's current confinement is the result of a criminal conviction, Plaintiff may file an appeal or potentially a writ of habeas corpus. However, a section 1983 case is not the way to challenge a Plaintiff's confinement.

Plaintiff alleges his confinement was improperly procured through the impermissible taking of and testimony about his blood, the submission of false testimony in open court, and the presentation of misleading information to a judge. These allegations fall squarely within the scope of the favorable termination rule as a favorable decision in this section 1983 action would necessarily render invalid any criminal conviction or sentence pursuant to which Plaintiff is currently confined. Thus, because Plaintiff has not shown that his criminal conviction or sentence has been invalidated, this action is barred by the favorable termination rule.

### C. SECTION 1983 LIABILITY

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." *Id.*

#### 1. Municipal Liability

"[S]ection 1983 imposes liability only on 'persons' who, under color of law, deprive others of their constitutional rights, [and] the Supreme Court has construed the term 'persons' to include municipalities such as the County." *Castro v. Cty. of Los Angeles*, 797 F.3d 654, 670 (9th

Cir. 2015) (*reh'g en banc Castro v. Cty of Los Angeles*, No. 12-56829, 2016 WL 4268955 (9th Cir. Aug. 15, 2016)) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978)). Municipalities may not be held liable for the actions of their employees under a theory of *respondeat superior*, but they may be held liable for a constitutional violation if an action taken pursuant to a policy, be it a formal or informal policy, caused the underlying violation. *Castro*, 797 F.3d at 670 (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 131 (1989) and *Monell*, 436 U.S. at 691) (quotation marks omitted); *see also Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1021 (9th Cir. 2010) (municipal liability claim cannot be maintained unless there is an underlying constitutional violation).

Municipal liability may also be imposed where the local government unit's omission led to the constitutional violation by its employee. *Gibson v. Cty. Of Washoe, Nev.*, 290 F.3d 1175, 1186 (9th Cir. 2002). Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." *Id.* This kind of deliberate indifference is found when the need to remedy the omission is so obvious, and the failure to act so likely to result in the violation of rights, that the municipality reasonably can be said to have been deliberately indifferent when it failed to act. *Id.* at 1195.

In this action, Plaintiff has not linked any alleged violation of his rights to a policy or practice attributable to the Fresno Police Department, Fresno County District Attorney Office, or Community Regional Medical Center, nor has he provided any facts showing that any of these defendants knew of, and blatantly ignored, the alleged violations committed by its employees. Thus, Plaintiff fails to allege cognizable claims against the Fresno Police Department, Fresno County District Attorney Office, and Community Regional Medical Center.

**2. State Actor**

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of

state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). A plaintiff must present factual allegations against each individual defendant alleged to have violated his constitutional rights sufficient to state a plausible claim for relief and place each individual defendant on notice of the claim against them. *Iqbal,* 556 U.S. at 678–79; *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009). The allegations must link the actions or omissions of each named defendant to a violation of his rights. *Iqbal,* 556 U.S. at 676–77; *Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir.2010); *Ewing v. City of Stockton,* 588 F.3d 1218, 1235 (9th Cir. 2009).

Plaintiff fails to allege a section 1983 claim with respect to Wapner & Jones Law Office. Plaintiff alleges that he retained an attorney from Wapner & Jones Law office, and said attorney breached his duty to competently represent him. These allegations do not implicate a federal right, and it is not alleged that the attorney acted under color of state law.[2]

### IV.   CONCLUSION AND ORDER

The Court finds that the FAC fails to state any cognizable claims upon which relief may be granted under § 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within **thirty (30) days**, if he chooses to do so.

The amended complaint must allege constitutional violations under the law as discussed above. There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. *Iqbal*, 556 U.S. at 676. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. *Jones*, 297 F.3d at 934 (emphasis added).

---

[2] To the extent Plaintiff seeks to allege state causes of action, the Court declines to exercise supplemental jurisdiction as it has found that the FAC fails to allege cognizable claims over which the Court would have original jurisdiction. *See* 28 U.S.C. § 1367(c).

Thus, Plaintiff must name the proper defendants and state what each named defendant did that led to the deprivation of his constitutional or other federal rights. Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the First Amended Complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff may also choose to stand on the First Amended Complaint, in which case the Court will issue findings and recommendations to the assigned district court judge, recommending that the case be dismissed for failure to state a claim.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff may file a Second Amended Complaint curing the deficiencies identified by the Court in this order, if he believes additional true factual allegations would state a claim, within **thirty (30) days** from the date of service of this order;

3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:18-cv-00153-LJO-EPG;

4. Alternatively, within **thirty (30) days** from the date of service of this order, Plaintiff may notify the Court that he wishes to stand on the First Amended Complaint, subject to this Court issuing findings and recommendations to the assigned district court judge, recommending that the case be dismissed for failure to state a claim; and

5. If Plaintiff fails to file an amended complaint or notify the Court that he wishes to stand on the First Amended Complaint within thirty (30) days from the date of service of this order, the Court will issue findings and recommendations to the assigned district court judge, recommending that Plaintiff's case be dismissed for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated: **May 9, 2018**　　　　　　　　　　/s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE