# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY OWENS,<br><br>Plaintiff,<br><br>v.<br><br>FRESNO POLICE DEPARTMENT, *et al*.,<br><br>Defendants. | Case No. 1:18-cv-00153-LJO-EPG<br><br>**FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED AS BARRED BY THE FAVORABLE TERMINATION RULE**<br><br>(ECF No. 6)<br><br>**THIRTY (30) DAY DEADLINE** |

Jerry Owens ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, commenced this civil rights action pursuant to 42 U.S.C. § 1983 by the filing of a Complaint on January 29, 2018. (ECF No. 1). On February 23, 2018, Plaintiff filed a First Amended Complaint ("FAC"), alleging that the Fresno Police Department, Community Regional Medical Center, and the Fresno County District Attorney violated his constitutional rights by taking his blood, offering false testimony in open court, and presenting misleading information to a judge. (ECF No. 4). Plaintiff also alleged that his attorney, Wagner & Jones Law Office, breached his trust by failing to advise him that his constitutional rights had been violated. *Id.*

This Court screened the FAC, and concluded that Plaintiff's claims were barred by the *Younger* abstention doctrine and the *Heck* favorable termination rule, or were otherwise not cognizable under § 1983. The Court provided Plaintiff leave to file an amended complaint. On May 31, 2018, Plaintiff filed a Second Amended Complaint ("SAC"). (ECF No. 6).

The SAC is now before the Court for screening. As discussed below, the Court finds that

1

Plaintiff again fails to state a claim upon which relief can be granted because his claims are barred by the favorable termination rule. Because Plaintiff lost his state court criminal case, he cannot go forward with a civil rights action that is inconsistent with his conviction in the criminal case. If Plaintiff wishes to challenge his conviction, he may file direct appeals and potentially a petition for habeas corpus. Only if he eventually succeeds in overturning that conviction can he file a civil rights action pursuant to § 1983. Thus, the Court will recommend dismissal of this action without further leave to amend.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners or detainees seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner or detainee has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678 (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Id.* The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

## II. PLAINTIFF'S ALLEGATIONS IN THE SECOND AMENDED COMPLAINT

Plaintiff names as defendants Chris Perry, a Police Officer with the Fresno Police Department, an unnamed phlebotomist employed at Community Regional Medical Center, and Lisa A. Smittcamp, District Attorney for Fresno County. (ECF No. 6 at 2-3). Plaintiff alleges that his "freedom from deprivation of liberty, property and private property was violated without probable cause, warrant or due process of law, and without just compensation." *Id.* at 3.

On March 3, 2017, Plaintiff was taken by Fresno Police to Community Regional Medical Center and forced to have his blood drawn by a female phlebotomist on the orders of Officer Perry. *Id.* He asked numerous times to have the procedure stopped because no warrant was issued to collect his blood. *Id.* Officer Petty responded that Plaintiff was to shut up, and that Plaintiff had no rights because he was on an active DUI probation. *Id.* at 3-4. Plaintiff informed Officer Perry that he had just been discharged from probation a few days prior. *Id.* at 3. Officer Perry said, well my computer says you are on probation. *Id.* Plaintiff again informed Officer Perry that he was wrong, and implored him to call and speak to a live person in the probation office. *Id.* Plaintiff also told the female phlebotomist that she needed a warrant to proceed with the procedure, and expressed that he would file a claim for violating his rights in federal district court. *Id.* But, Officer Perry and the phlebotomist simply laughed and said, good luck. *Id.*

The phlebotomist withdrew blood from Plaintiff's upper right thigh. *Id.* at 5. Plaintiff was in and out of consciousness after being brought to the medical center by paramedics. *Id.* He was then placed under arrest and booked into Fresno County Jail on DUI and related charges. *Id.* Plaintiff was later convicted and sentenced to a prison term of sixteen months because of the unwarranted blood draw. *Id.*

Plaintiff made a 1538.5 motion to have the blood drawn evidence suppressed. *Id.* at 4. He appeared in Fresno Superior Court for a preliminary hearing on January 25, 2017. *Id.* The assistant district attorney coerced the officer on the stand—who Plaintiff believed to be Officer Chris Perry— to lie by stating that he spoke with a male phlebotomist about the procedures used to withdraw Plaintiff's blood on March 3, 2017. *Id.* The testimony was inconsistent with Officer Perry's report, the hospital report, and the complaint filed in Fresno County Superior Court. *Id.* at

6. The assistant district attorney knowingly led the Officer to make statements that were inconsistent with the reports and medical records. *Id*.

### III. FAVORABLE TERMINATION RULE

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. The favorable termination rule in *Heck* preserves the requirement that claims which, if successful, would necessarily imply the invalidity of a conviction or sentence, must be brought by way of a petition for writ of habeas corpus, after exhausting appropriate avenues for relief, including direct appeal. *Muhammad v. Close*, 540 U.S. 749, 750-751 (2004).

"The applicability of the favorable termination rule turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003). In *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996), the court held that, "if a criminal conviction arising out of the same facts and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." But if the "action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Heck*, 512 U.S. at 487.

It is clear from the allegations in the SAC that Plaintiff has been convicted of an offense and seeks to challenge the validity of his current confinement. Plaintiff alleges that his conviction and current sentence were procured using evidence that was obtained without a warrant and through false testimony extracted by an assistant district attorney. These allegations fall squarely within the scope of the favorable termination rule; a victory in this action would necessarily render invalid Plaintiff's outstanding criminal conviction and sentence. Accordingly, this action should be dismissed as barred by the favorable termination rule articulated in *Heck*.

If Plaintiff seeks to challenge his criminal conviction, he must appeal that conviction

4

through the state court, and may file a petition for writ of habeas corpus in federal court only after exhausting appropriate avenues for relief.[1]

## IV. CONCLUSION AND RECOMMENDATION

The Court finds that Plaintiff's claims are barred under *Heck.* Thus, this action should be dismissed for Plaintiff's failure to state a claim upon which relief may be granted. The Court does not recommend granting leave to amend. The legal issues presented in the SAC and analyzed in this order cannot be cured by additional facts, and thus, further amendment would be futile.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This case be DISMISSED for failure to state a claim; and
2. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __August 14, 2018__         /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE

---

[1] Note that there are rules regarding such petitions, including the requirement to exhaust state remedies and to abide by certain time requirements.

5